# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION
## CIVIL ACTION NO. 4:20-CV-00095-HBB

**JULIE BAKER**                                                                          **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                                     **DEFENDANT**

## <u>MEMORANDUM OPINION</u>
<u>AND ORDER</u>

<u>BACKGROUND</u>

Before the Court is the complaint (DN 1) of Julie Baker ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 16) and Defendant (DN 22) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered December 2, 2020 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

<u>FINDINGS OF FACT</u>

On August 8, 2017, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 354, 522-28). Plaintiff alleged that she became disabled on July 11, 2017, as a result of post stroke pain syndrome, anxiety, depression, memory loss, septal defect of heart, loss of balance, dizziness, chronic pain, chronic migraine, brain tumor-benign, dyslexia, attention deficit disorder, fibromyalgia, degenerative spondylosis, multiple sclerosis, small vessel disease with noted changes, pseudobulbar affective disorder, pseudobulbar palsy, obsessive compulsive disorder, panic disorder, degenerative disc disease, cerebrovascular accident with late affects, and breathing issues (Tr. 354, 420, 435, 541). The claim was denied at the initial level on October 13, 2017, and at the reconsideration level on January 18, 2018 (Tr. 354, 419-33, 434-53). Plaintiff then filed a written request for an administrative hearing on January 23, 2018 (Tr. 354, 472-73).

On January 10, 2018, Administrative Law Judge Stacey L. Foster ("ALJ") conducted a video hearing from Paducah, Kentucky (Tr. 354, 374). Plaintiff and her counsel, Sara Martin Diaz, participated from Owensboro, Kentucky (<u>Id.</u>). Tina Stambaugh, an impartial vocational expert, testified during the hearing (<u>Id.</u>).

In a decision dated May 20, 2019, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 354-65). The ALJ noted that Plaintiff's insured status would expire on March 31, 2021 (Tr. 356). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 11, 2017, the alleged onset date (<u>Id.</u>). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, cerebrovascular accident with late effects, right shoulder partial rotator cuff tear, early

osteoarthritis, undifferentiated connective tissue disease, mood disorder, and anxiety disorder (Id.). The ALJ also determined that Plaintiff has a non-severe visual impairment (Tr. 356-57).

At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 357). Additionally, the ALJ explained why Plaintiff did not satisfy the criteria for Listings 1.02, 1.04, 11.04, 12. 04, 12.06, and 14.06 (Tr. 357-59).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with the following postural, environmental, and mental limitations: she can never balance, crawl, or climb ladders, ropes, or scaffolds; she can occasionally stoop, kneel, crouch, and climb ramps and stairs; she cannot reach overhead with her bilateral upper extremities; she should avoid all exposure to extreme heat, extreme cold, loud noise, hazards, vibrating equipment, and pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation; she can understand, remember, and carry out simple and detailed work; she can maintain concentration, persistence, and pace for two-hour periods throughout an eight-hour workday; she can relate to others in an object-focused work setting; and she can adapt to expected, predictable, and routine task demands (Tr. 359). The ALJ relied on testimony from the vocational expert to find that Plaintiff is unable to perform any of her past relevant work (Tr. 363).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 363-64). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 364). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from July 11, 2017, through the date of the decision (Tr. 365).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 521). The Appeals Council denied Plaintiff's request for review (Tr. 1-5).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996).

4

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5)  Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

<u>Finding No. 5</u>

1.  Arguments of the Parties

Plaintiff contends that substantial evidence does not support the ALJ's RFC determination (DN 16-1 PageID # 2803-07).   Plaintiff contends that the ALJ's assignment of weight to the Functional Capacity Evaluation ("FCE")—prepared by her treating physical therapist on September 6, 2017—is not supported by substantial evidence and does not comport with applicable law (Id. at PageID # 2798-2800, citing Tr. 1440-75).   Plaintiff argues the FCE should have been considered analogous to the opinion of a treating physician (Id. citing 20 C.F.R. § 404.1527).   Plaintiff points out that opinions from treating physicians are entitled to more weight than opinions from non-treating physicians (Id. citing <u>Winfred v. Chater</u>, 917 F. Supp. 398, 400 (E.D. Va. 1996)).   Further, "good reasons" must be provided for the weight assigned to opinions from treating physicians (Id. citing <u>Hall v. Bowen</u>, 837 F.2d 272, 276 (6th Cir. 1988).   Plaintiff asserts that nothing in the record conflicts with the FCE determinations and they are supported by her consistent reports, MRI imaging of her cervical spine (Tr. 1034), a lumbar and cervical myelogram (Tr. 1071), a spine surgeon's interpretation of the myelogram (Tr. 1050, 1092), an MRI of her right shoulder (Tr. 1902), and the physical therapy records (Tr. 1495-1632, 1699-1780, 1859-73, 2028-47).   Plaintiff claims that her efforts to work three hours a day at a part-time after school program corroborates the limitations in the FCE (Id.).

Further, Plaintiff contends the ALJ's assignment of "significant weight" to the opinion of the state agency physician, Dr. Douglas Back, is not supported by substantial evidence in the record (Id. at PageID # 2801). Plaintiff asserts that Dr. Back merely reviewed the record and opined that she would be able to perform light work with certain exceptions (Id.). Plaintiff argues the ALJ gave "absolutely no explanation as to how this opinion is so clearly supported by the evidence as a whole as opposed to the FCE while still admitting that the state agency physician limitations were not sufficient" (Id.) (emphasis in original).

Additionally, Plaintiff contends that the ALJ did not give sufficient reasons for not accepting as credible Plaintiff's testimony (Id. at PageID # 2801-03, 2803-07). Plaintiff asserts that the medical records clearly support her testimony about physical limitations, pain, fatigue, and difficulty sleeping (Id.). Further, Plaintiff claims that the ALJ's physical RFC finding that she can perform sedentary work is clear error because the ALJ did not assess her visual deficits, her cognitive deficits, her pseudobulbar affect, and migraines (Id. at PageID # 2805-07).

Defendant contends that 20 C.F.R. § 404.1527 does not apply to this case (DN 22 PageID # 2827-38). Instead, 20 C.F.R. §404.1520c applies and the ALJ properly followed the rule in assessing the persuasiveness of the FCE prepared by the physical therapist (Tr. 1440-75) and the opinions of the state agency physician, Dr. Douglas Back (DN 22 PageID # 2827-38). Defendant is not sure whether the physical therapist had an ongoing treating relationship with Plaintiff because the signature is illegible (*see* Tr. 1440) and Plaintiff has not cited a single page in the record confirming her claim (DN 22 PageID # 2832). Further, the ALJ's persuasiveness findings are supported by substantial evidence in the record (Id.).

2. Discussion

The RFC finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c). The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). Thus, in making the RFC finding the Administrative Law Judge must necessarily evaluate the medical source statements in the record and assess the claimant's subjective allegations.

Plaintiff's first challenge to Finding No. 5 relies the rules in 20 C.F.R. § 404.1527 to argue that substantial evidence does not support the ALJ's assignment of weight to the physical therapist's FCE and Dr. Back's medical opinion. But Plaintiff has failed to realize that 20 C.F.R. § 404.1527 does not apply to her case because she filed her application on August 8, 2017 (Tr. 354, 522-28). *See* 20 C.F.R. § 404.1527 ("For claims filed . . . before March 27, 2017, the rules in this section apply."). Instead, the rules in a new regulation apply to her case. *See* 20 C.F.R. § 404.1520c ("For claims filed . . . on or after March 27, 2017, the rules in this section apply.").

The new regulation explicitly indicates "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[1] in the record, even if it comes from a treating medical source. 20 C.F.R. § 404.1520c(a).[2] Instead, administrative law judges will now evaluate the "persuasiveness" of

---

1 At the initial and reconsideration levels, State agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings." 20 C.F.R. § 404.1513a(a)(1). Administrative law judges "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. § 404.1513a(b)(1).

2 The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20

medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. § 404.1520c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5).[3] Of these five factors, the two most important are supportability and consistency. 20 C.F.R. § 404.1520c(a) and (b)(2). Further, the regulation requires administrative law judges to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). Notably, under the regulations administrative law judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 404.1520c(b)(2).[4]

In the context of assessing Plaintiff's RFC, the ALJ provided a brief but accurate summary of Plaintiff's testimony regarding her pain, symptoms, and limitations imposed by the physical and mental impairments (Tr. 359-60). In accordance with Drummond v. Comm'r of Soc. Sec., 126 F.3d 877 (6th Cir. 1997), the ALJ reviewed the current evidence of record and the RFC in an Administrative Law Judge decision adjudicating the time period of September 4, 2014 through July 13, 2017 (Tr. 360).[5] The ALJ noted that the RFC finding in the prior decision limited

---

C.F.R. § 404.1527(c)(2).

3 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. § 404.1520c(c)(3)(i)-(v).

4 Administrative law judges will articulate how they considered the other factors in paragraphs (c)(3) through (c)(5) of the regulation when they find that two or more medical opinions about the same issue are both equally well supported and consistent with the record but are not exactly the same. 20 C.F.R. § 404.1520c(b)(3).

5 Plaintiff's current application alleged disability beginning July 11, 2017 (Tr. 354, 522-28). The previous Administrative Law Judge decision addressed whether Plaintiff was disabled from September 23, 2011 through July 13, 2017 (Tr. 400-412).

Plaintiff to light work with postural, environmental, and mental limitations (Id.). The ALJ found that most of Plaintiff's current symptoms were present at the time of the prior decision, and were discussed therein, under the umbrella of "late effects" of her cerebrovascular accident (Id.). Due to new evidence related to Plaintiff's polyarthralgias, which included examinations noting multiple tender points, arthritic changes in her hands, and crepitus in her knees, the ALJ found that Plaintiff should be limited to sedentary work with no balancing or climbing of ladders, ropes, or scaffolds, and only occasional stooping, kneeling, crouching, and climbing of ramps and stairs. The ALJ indicated the other parts of the previous RFC determination remain the same (Id.).

Next, the ALJ reviewed the medical evidence which included the June 2016 cervical and lumbar myelograms, the July 2017 observations of the treating neurologist, an August 2017 physical therapy assessment, an April 2018 examination note, a May 2018 MRI of the right shoulder, and a September 2018 examination note (Id.). The ALJ also discussed the May and October 2018 treatment notes of the treating rheumatologist, 2017 and 2018 treatment notes regarding migraines, and the August 2017 through August 2018 treatment records regarding late effects of the stroke (Tr. 360-61). The ALJ made the following findings regarding the evidence:

> Overall, the evidence shows that the claimant has several issues of the joints and spine which, in combination, restrict the claimant to a limited range of sedentary work consistent with the above residual functional capacity. However, the relatively mild and stable nature of her polyarthralgias and the no more than moderate nature of her lumbar and cervical spine degeneration suggest no further occupational restrictions are warranted. Due to her continued shoulder pain and MRI showing a partial tear of her rotator cuff, she should never reach overhead with her bilateral upper extremities.

> The claimant has been diagnosed with undifferentiated connective tissue disease, but the record does not reflect that this disease, alone, has specifically contributed to any substantial impairment that would cause occupational restrictions over and above what is

already in the residual functional capacity. However, it is reasonable to conclude that this impairment could exacerbate or contribute to the symptoms related to her other severe impairments. (Exhibits B26F/78; B36F/7).

(Tr. 361). The above findings regarding the medical evidence are supported by substantial evidence in the record.

The ALJ's assessment of the medical opinions in the record reads as follows:

As for medical opinion(s) and prior administrative medical finding(s), we will not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from your medical sources. We fully considered the medical opinions and prior administrative medical findings in your case as follows:

The state agency medical consultant, Douglas Back, M.D. opined in January 2018 that due to no significant changes in the claimant's medical condition since the prior ALJ decision, he believes the claimant would be capable of performing work consistent with the residual functional capacity in the prior decision. Specifically, he opined that the claimant could perform a limited range of light exertional work with no crawling, frequent crouching, stooping, kneeling, and climbing ramps and stairs, and occasional balancing and climbing of ladders, ropes, or scaffolds. He also opined that the claimant should be limited in her bilateral overhead reaching, and that she should avoid concentrated exposure to extreme cold, extreme heat, wetness, noise, vibrations, hazards, and pulmonary irritants, such as fumes, odors, dusts, gases, and poor ventilation. (Exhibits Bl A; B4A). The prior decision's residual functional capacity, as well as Dr. Back's opinion adopting it, is somewhat persuasive. However, based on the claimant's chronic fatigue and multiple joint issues - which have been confirmed by examinations showing arthritic changes in her hands, multiple positive tender points, and crepitus in her knees - she should be limited to sedentary exertion with no balancing or climbing of ladders, ropes, or scaffolds, and only occasional stooping, kneeling, crouching, and climbing of ramps and stairs.

A functional capacity evaluation was performed on the claimant by a physical therapist in September 2017. This one-time assessment noted that she could occasionally push and pull 30 pounds for 30

11

> feet, and carry 20 pounds for 30 feet. However, overhead and shoulder lifting would be limited to 5 or 6 pounds due to pain in her shoulder. The evaluation also suggested that the claimant could sit for 30 minutes at a time, stand for 10-15 minutes, walk approximately 30 minutes with breaks, bend approximately 50% at a time, squat 50% of full range, and could not kneel, crawl, or climb. (Exhibit B1 1F). This assessment is not significantly persuasive because it is just a one-time, static assessment, and it was performed by a physical therapist, which is not an acceptable medical source. Furthermore, the sitting and standing limitations, in particular, would be inconsistent with her part time work in an afterschool program where she testified that she works three hours per day, and which the vocational expert testified was a light exertional job. Instead, the overall evidence suggests the claimant remains capable of performing work consistent with the above residual functional capacity.

(Tr. 362-63).

The ALJ's evaluation of Dr. Black's opinion fully comports with the rules set forth in 20 C.F.R. § 404.1520c(a) and (b). Contrary to Plaintiff's assertions, the ALJ's evaluation of the persuasiveness of Dr. Back's medical opinion is supported by substantial evidence in the record. Additionally, the ALJ appropriately recognized that Dr. Black rendered his opinion without having the opportunity to review subsequently filed medical evidence. *See* Kepke v. Comm'r of Soc. Sec., 636 F. App'x 625, 632-33 (6th Cir. 2016); Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009). Substantial evidence in the record supports the ALJ conclusion that the subsequently filed medical evidence warranted further limiting Plaintiff's RFC to sedentary exertion with additional postural restrictions. In sum, the ALJ's findings are supported by substantial evidence and comport with the applicable law.

Contrary to Plaintiff's claim, the ALJ's evaluation of the persuasiveness of the physical therapist's FCE is supported by substantial evidence in the record and fully comports with the applicable law set forth in 20 C.F.R. § 404.1520c(a) and (b). The FCE emphatically indicates it

is a one-time, static assessment, conducted on September 6, 2017 (*see* Tr. 1440, 1442). Further, as noted by the ALJ, a physical therapist is not an acceptable medical source under the regulations. *See* 20 C.F.R. § 404.1502(a)(1)-(8). Additionally, it was appropriate for the ALJ to note that the sitting and standing limitations in the FCE were inconsistent with the sitting and standing that Plaintiff actually did while she worked part time in an afterschool program. In sum, the ALJ's findings regarding the persuasiveness of the FCE are supported by substantial evidence in the record and comport with applicable law.

In assessing a claimant's RFC the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make findings. 20 C.F.R. § 404.1529; Social Security Ruling 16-3p. A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. § 404.1529(a); SSR 16-3p.

In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in <u>Duncan v. Sec'y of Health & Human Servs.</u>, 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." <u>Id.</u> When, as in this case, the reported pain and other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the

Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. § 404.1529(c)(3); SSR 16-3p.

Plaintiff's level of daily activity is a factor the ALJ appropriately considered in determining the extent to which pain and other symptoms are of disabling severity (Tr. 359-63). 20 C.F.R. § 404.1529(c)(3)(i); SSR 16-3p; Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990). The ALJ also considered whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between Plaintiff's statements and the rest of the evidence (Id.). 20 C.F.R. § 404.1529(c)(4); SSR 16-3p.

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her impairments were not entirely consistent with the medical and other evidence in the record. 20 C.F.R. § 404.1529(c)(4); SSR 16-3p. Further, contrary to Plaintiff's assertion, the ALJ did consider both her testimony and the evidence in the record concerning her purported visual deficits, cognitive deficits, pseudobulbar affect, and migraines (Tr. 356-63). For example, the ALJ explained why the medical evidence in the record did not show Plaintiff had a severe visual impairment that would significantly affect her occupational functioning (Tr. 356-57). The ALJ also explained why the medical evidence regarding Plaintiff's migraines, vertigo, balance problems, occasional dizziness, memory problems, and the late effects of the stroke was not consistent with Plaintiff's statements (Tr. 357, 360-61). The undersigned concludes that above mentioned findings and the ALJ's physical RFC determinations are supported by substantial evidence and fully comport with applicable law. In sum, Plaintiff is not entitled to relief regarding her challenges to Finding No. 5.

14

<u>Prejudgment Remand</u>

1. Arguments of the Parties

Plaintiff argues she is entitled to a prejudgment remand, pursuant to sentence six of 42 U.S.C. § 405(g) (DN 16-1 PageID # 2808-09, citing Tr. 624-731). In support of her position, Plaintiff refers the Court to new and material medical evidence that she submitted the Appeals Council (<u>Id.</u>). Plaintiff contends the Appeals Council wrongly disregarded the evidence despite it clearly corroborating her symptoms and limitations during the relevant time period (<u>Id.</u>). Plaintiff argues this new evidence demonstrates progressively worsening conditions and symptoms, as well as objective findings correlating to her connective tissue disorder (<u>Id.</u> citing Tr. 731, 624, 665). Plaintiff asserts while some of the evidence post-dates ALJ's decision, it is clearly related to the ongoing symptoms for which she filed this claim and provides additional corroborative evidence (<u>Id.</u>).

Defendant contends that a sentence six remand is neither appropriate nor warranted as to the hundreds of pages of medical evidence that Plaintiff submitted to the Appeals Council (DN 22 PageID # 2842-46, citing Tr. 8-345). Defendant points out that much of the evidence is not new because it existed prior to the ALJ's May 20, 2019 decision (<u>Id.</u>). Further, Plaintiff has not established good cause for her failure to submit this evidence prior to the ALJ's decision (<u>Id.</u>). Further, Defendant points out that the ALJ explained why the medical evidence is not material to Plaintiff's condition

2. Discussion

"A district court's authority to remand a case . . . is found in 42 U.S.C. § 405(g) . . ." <u>Hollon ex rel. Hollon v. Comm'r of Soc. Sec.</u>, 447 F.3d 477, 482-83 (6th Cir. 2006). The Social

Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence six-remand)." Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).

Under sentence six of 42 U.S.C. § 405(g), the Court does not address the correctness of the administrative decision.   Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991), Hollon, 447 F.3d at 483. "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the new evidence might have changed the outcome of the prior proceeding."   Melkonyan, 501 U.S. at 98.   The party seeking this type of remand has the burden of demonstrating that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"   42 U.S.C. § 405(g); see also, Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174-175 (6th Cir. 1994).

The Supreme Court of the United States has explained that evidence is "new" only if it was "not in existence or available to the claimant at the time of *the administrative proceeding*." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990); see Melkonyan, 501 U.S. at 98 (indicating that evidence is "new" if it was not available to the claimant at the time of the administrative proceeding).   The Sixth Circuit uses "administrative proceeding" and "hearing" interchangeably in its discussion of the applicable law.   *See e.g.* Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010); Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).   Thus, in assessing

whether the evidence is new, the issue is whether the medical records existed or were available to Plaintiff at the time of the administrative hearing.

Evidence is "material" only if there is "a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." Ferguson, 628 F.3d at 276; Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001); Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988). Notably, evidence is not considered material if it merely depicts an aggravation or deterioration in an existing condition. Sizemore, 865 F.2d at 712.

"Good cause" is demonstrated by showing "a reasonable justification for *the failure to acquire and present the evidence for inclusion in the hearing* before the ALJ." Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001) (emphasis added). Clearly, this rule of law applies when the medical evidence is available at the time the ALJ conducts the administrative hearing. The Sixth Circuit has also indicated that "good cause" is "shown if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." Koulizos v. Sec'y of Health & Human Servs., No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986) (citing Wilson v. Sec'y of Health & Human Servs., 733 F.2d 1181 (6th Cir. 1984) and Willis v. Sec'y of Health & Human Servs., 727 F.2d 551 (6th Cir. 1984)). This rule of law applies when the evidence is not available at the time the ALJ conducted the administrative hearing. For example, in Wilson the medical evidence concerned treatment the claimant received months after the administrative hearing. 733 F.2d at 1182-83.

By way of background, on January 10, 2019, the ALJ conducted the hearing (Tr. 372). On May 20, 2019, the ALJ issued the administrative decision (Tr. 354-65). On July 16, 2019,

Plaintiff filed a request for Appeals Council review of the ALJ's hearing decision (Tr. 521). On September 3, 2019, Plaintiff submitted a two-page memorandum and 337 pages of new medical records in support of her request for review (Tr. 612-13, 614-951). On May 1, 2020, the Appeals Council denied Plaintiff's request for review (Tr. 1-4). The Appeal Council responded to the 337 pages of medical records as follows:

> You submitted a statement from Debbie English, dated February 18, 2020 (5 pages), and medical records from the following sources: Graves Gilbert Clinic, dated January 14, 2019 through April 26, 2019 (14 pages); Owensboro Health, dated January 17, 2019 through May 7, 2019 (33 pages); Norton Healthcare, dated March 6, 2019 through April 29, 2019 (83 pages); and Owensboro Health Regional Hospital, dated May 17, 2019 (56 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> You submitted medical records from the following sources: Graves Gilbert Clinic, dated July 16, 2019 (4 pages); Owensboro Health, dated June 6, 2019 through June 21, 2019 (54 pages); Norton Healthcare, dated May 28, 2019 through June 18, 2019 (52 pages); and Owensboro Health Regional Hospital, dated June 13, 2019 (42 pages). The Administrative Law Judge decided your case through May 20, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 20, 2019.
>
> If you want us to consider whether you were disabled after May 20, 2019, you need to apply again. If you file a new claim for disability insurance benefits within 6 months after you receive this letter, we can use July 16, 2019, the date of your request for review, as the date of your new claim. The date you file a new claim can make a difference in the amount of benefits we can pay.

(Tr. 2).

It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne,

192 F.3d 556, 566 (6th Cir.1999) (quoting <u>McPherson v. Kelsey</u>, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* <u>Brindley v. McCullen</u>, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); <u>Rice v. Comm'r of Soc. Sec.</u>, 169 F. App'x 452, 453 (6th Cir. 2006). Here, Plaintiff has the burden of demonstrating that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g); *see also*, <u>Cline</u>, 96 F.3d at 148; <u>Faucher</u>, 17 F.3d at 174-175. But Plaintiff has merely asserted in a perfunctory manner that the evidence was "new" because it concerned treatment rendered immediately before and after the administrative hearing, and that it was not in the ALJ's or her possession at the time the decision was rendered (DN 16-1 PageID # 2808). Thus, Plaintiff has not provided a developed argument in support of her general assertion (<u>Id.</u>). Notwithstanding, as mentioned above, the issue is whether the medical records existed or were available to Plaintiff at the time of the administrative hearing. The Appeals Council's assessment indicates that all the new medical evidence concerns treatment received after the January 10, 2019 administrative hearing. Thus, the first requirement is technically satisfied.

Regarding the "good cause" requirement, Plaintiff has merely asserted that it existed (<u>Id.</u> at PageID # 2809). She has not provided a developed argument in support of her general assertion (<u>Id.</u>). However, as explained above, the record shows the new medical records concern treatment received after the January 10, 2019 administrative hearing. Thus, a reasonable justification existed for Plaintiff's failure to acquire and present the evidence for inclusion in the hearing before the ALJ. *See* <u>Foster</u>, 279 F.3d at 357. Additionally, the new evidence appears to arise from continued medical treatment of Plaintiff's existing conditions, as opposed to being generated

merely for the purpose of attempting to prove disability. *See* <u>Koulizos</u>, 1986 WL 17488, at *2. This means the "good cause" requirement is also technically satisfied.

As for the "material" requirement, Plaintiff merely asserts there is a reasonable probability that the evidence would have changed the outcome and cites three pages of medical records in support of her position (<u>Id.</u> at PageID # 2808-09, citing Tr. 624, 665, 731). Thus, as to the new evidence that post-dates the administrative hearing but predates the ALJ's decision, Plaintiff has not provided a developed argument explaining why there is a reasonable probability that the ALJ would have reached a different disposition of her claim if the ALJ had the opportunity to consider each of these medical records (<u>Id.</u>). *See* <u>Ferguson</u>, 628 F.3d at 276. Relatedly, she failed to address why this new evidence does not merely depict an aggravation or deterioration in her existing conditions. *See* <u>Sizemore</u>, 865 F.2d at 712. Additionally, as to the new evidence that post-dates the ALJ's decision, Plaintiff made no effort to explain how it relates back to her condition on or before the date the ALJ issued the decision. Moreover, in contrast to the two other requirements, the record does not readily indicate that the "material" requirement is technically satisfied. In sum, because Plaintiff has adverted to this issue in a perfunctory manner, unaccompanied by some effort at developed argumentation, it is deemed waived.

## Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." <u>Warner v. Comm'r of Soc. Sec.</u>, 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this

Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

July 1, 2021

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:        Counsel

21